Helen (Heller) Wegner v. Commissioner.
Wegner v. Commissioner
Docket No. 23364.
United States Tax Court
1951 Tax Ct. Memo LEXIS 210; 10 T.C.M. (CCH) 519; T.C.M. (RIA) 51159; May 31, 1951
*210 Norman L. Miswald, Esq., for the petitioner. David F. Long, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves a deficiency of $50 in petitioner's income tax for 1945. The deficiency results from the disallowance of the statutory exemption of $500 which petitioner claimed for her eight year old daughter. The question to be decided is whether the daughter was petitioner's dependent by reason of petitioner having contributed more than half of her support. Findings of Fact Petitioner is a resident of Milwaukee, Wisconsin. Her return for 1945 was filed with the collector of internal revenue for the district of Wisconsin. Petitioner was divorced from her former husband, Ralph Heller, in 1943. She was given custody of their two children, Gerald and Diane. Gerald became eighteen years of age on November 24, 1945. Diane was eight years of age in 1945. Under the divorce decree petitioner was not awarded alimony but was entitled to receive and did receive from her divorced husband $50 a month for the support of the two children. Petitioner was employed during a part of 1945. Her total earnings for that year amounted to *211 $847.15. She had a bank account which contained $1,174.90 at the beginning of the year and $1,131.87 at the close of the year. The total living expenses of the family, petitioner and her two children, for the year 1945 were at least $1,485. Opinion LEMIRE, Judge: The statutory definition of a dependent includes a child over half of whose support is furnished by the parent claiming the exemption. Sec. 25 (b) (3), I.R.C.
The evidence here fails to show that petitioner furnished over half of Diane's support. According to petitioner's estimates the cost of living for the family of three was something over $1,485, including, only, rent, groceries, clothing and medical expenses. Undoubtedly there were other incidental and unidentified expenses. Dividing the living expenses of the family unit among petitioner and the two children would give each a living cost of approximately $500. Petitioner's former husband furnished $600 for the support of the two children, or $300 for each child. That is more than half of their support. Assuming that petitioner used all of her own earnings for the year, amounting to $847.15, plus the $43.03 which she withdrew from her bank *212 account, for the support of herself and children, the amount allocable to each of the children after deducting all of her support, to which her former husband did not contribute, would be considerably less than the support furnished by petitioner's divorced husband. While that fact does not control our question here, it might be noted that, as the evidence shows, the father claimed and was allowed an exemption for Diane in his 1945 return and that the matter was handled by the same attorney who represents the petitioner in this proceeding. Decision will be entered for the respondent.